**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-22132-CIV-ALTONAGA**

**ALEXI ABELARDO**
**MENDEZ-MURILLO**,

     Petitioner,

v.

**WARDEN, KROME SERVICE**
**PROCESSING CENTER**, *et al.*,

     Respondents.

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Alexi Abelardo Mendez-Murillo's

Petition for Writ of Habeas Corpus [ECF No. 1], filed on March 27, 2026.  Respondents filed a

Response [ECF No. 6]; to which Petitioner filed a Reply [ECF No. 7].  For the following reasons,

the Petition is granted in part.

**Background.**   Petitioner is a Honduran citizen who entered the United States without

inspection in July 2021.  (*See* Pet. ¶ 9).  On September 27, 2025, Florida police arrested Petitioner,

after which U.S. Immigrations & Customs Enforcement detained him.  (*See id.* ¶ 13).  Petitioner

is presently in Respondents' custody at the Krome North Service Processing Center in Miami

("Krome").  (*See id.* ¶¶ 4–5).  On February 5, 2026, an Immigration Judge ("IJ") denied Petitioner's

request for a change in custody status, citing the decision of the Board of Immigration Appeals

("BIA") in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that under the

Immigration and Nationality Act ("INA"), IJs have no jurisdiction to hear bond requests by aliens

similarly situated to Petitioner.  (*See* Pet. ¶¶ 15–16).

On March 27, 2026, Petitioner filed the Petition, asserting three claims for relief under the INA (in Counts I and II) (*see id.* ¶¶ 23–34); and the Fifth Amendment to the U.S. Constitution (in Count III) (*see id.* ¶¶ 35–41).  Respondents' Response is abbreviated and incorporates arguments raised in the opposition brief in a similar case: *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). (*See* Resp. 5).[1]  In *Puga*, respondents argued that the petitioner failed to exhaust administrative remedies, and the petitioner's detention was lawful under 8 U.S.C. section 1225(b)(2)(A).  *See Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, Resp. ("*Puga* Resp.") [ECF No. 5] 3–15, filed Oct. 7, 2025 (S.D. Fla. 2025).

**_Legal Standard._**  District courts have the authority to grant petitions for writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**_Discussion._**[2]  Petitioner asserts that his detention under section 1225(b)(2) is unlawful, as 8 U.S.C. section 1226(a) governs his detention.  (*See* Pet. ¶¶ 23–34).  Respondents maintain Petitioner is subject to mandatory detention under section 1225(b)(2) "because he was present in the United States without being admitted or paroled."  (Resp. 2 (citations omitted)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Respondents contended in *Puga* that the petitioner failed to exhaust administrative remedies because he did not appeal the denial of his bond before the BIA.  *See Puga* Resp. 3.  That argument is inapplicable here, as Petitioner appealed the denial of his bond before the BIA.  (*See* Pet. ¶ 18).

As Respondents recognize, courts within this District and the undersigned have rejected the arguments Respondents make here.  (*See id.* 3–5 (collecting cases)).[3]  Respondents do not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome; instead, Respondents incorporate the arguments made in *Puga* "to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." (*Id.* 2).  Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention, and that Petitioner is entitled to a bond hearing.  *See Puga*, 2025 WL 2938396, at *5.[4, 5]

*Conclusion.*  For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Petitioner, Alexi Abelardo Mendez-Murillo's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

---

[3] The INA issues presented in these cases are being considered by the Eleventh Circuit, which held oral argument on March 26, 2026.  *See generally Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 & 25-14075 (11th Cir. 2026).

[4] The Court declines to reach the merits of Count III, Petitioner's Fifth Amendment claim, as the Court grants the relief Petitioner seeks in Count I.  (*See* Pet. ¶¶ 23–30); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)).  If Respondents fail to provide Petitioner an individualized bond hearing in compliance with this Order, Petitioner may renew his due process claim.  And because Count III is an unripe claim contingent on Petitioner not receiving an individualized custody determination hearing under 8 U.S.C. section 1226(a), "the Court must dismiss it without prejudice[.]"  *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020) (alteration added; citations omitted); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985))).

[5] On May 1, 2026, Petitioner's counsel filed a Notice [ECF No. 8] requesting the Court order Respondents to provide updated information regarding Petitioner's detention.  (*See generally id.*).  The Court observes that a party must request a court order by motion.  *See* Fed. R. Civ. P. 7(b).  Even if Petitioner's counsel had filed the Notice as a motion, it would be denied because it cites no basis for the Court's authority to grant the requested relief.  (*See generally* Not.).

CASE NO. 26-22132-CIV-ALTONAGA

2. Count II is **DISMISSED without prejudice as moot**, and Count III is **DISMISSED without prejudice**.

3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 1st day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

4